NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE JESUS COLIN-ALCANTAR, | No. 21-380 |
| Petitioner, | Agency No. A077-291-928 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023**
San Francisco, California

Before: BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Jorge Jesus Colin-Alcantar, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) order denying his application

for adjustment of status and deeming waived his application for cancellation of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal. Because the parties are familiar with the facts, we do not recount them here. We dismiss the petition for review.

We lack jurisdiction to review an order denying adjustment of status or cancellation of removal as its issuance is committed to the discretion of the Immigration Judge (IJ) and the BIA. 8 U.S.C. § 1252(a)(2)(B)(i). We retain jurisdiction over "constitutional claims or questions of law," *id.* § 1252(a)(2)(D), but "a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb," *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). A petitioner's constitutional argument must at least be "colorable." *Id.*

Colin-Alcantar raises two purportedly constitutional arguments. The first argument, that the IJ incorrectly weighed evidence about whether he was rehabilitated after his convictions, does not present a colorable due process claim. Colin-Alcantar testified at the hearing, as did his mother and wife; the record does not suggest he was deprived of a "full and fair hearing" or "prevented from reasonably presenting his case." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006)).

Colin-Alcantar's second argument is also not a colorable due process claim. He argues that the IJ erred by relying on a police report that he contends was inadmissible hearsay. But in immigration proceedings the rules of evidence do not

2

apply, *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 370 (9th Cir. 2003) (en banc), and "the sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair," *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003) (quoting *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995)). Colin-Alcantar does not argue that the police report was not probative or was unfairly admitted.

Because Colin-Alcantar has failed to raise a colorable due process claim, we lack jurisdiction to review his petition.[1]

**PETITION DISMISSED.**

---

[1] The government argues we lack jurisdiction because Colin-Alcantar failed to exhaust his due process claims, but the Supreme Court held in *Santos-Zacaria* that this does not deprive us of jurisdiction. *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023).